WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL MINAS,<br><br>    Defendant. | Case No. 14-00109-EJL<br><br>**RULE 11 PLEA AGREEMENT** |

Rev. November 2012 (General)

I.   **GUILTY PLEA**

A.   **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will plead guilty to Counts One, Nine, And Fourteen of the Indictment, which charge the defendant with Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

Forfeiture Allegation: In connection with the violation(s) set out above, the defendant agrees to forfeiture of the property referred to below.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement. Upon acceptance of the defendant's guilty plea(s), and the defendant's full compliance with the other terms of this Agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), will dismiss the remaining counts of the Indictment (2 – 8, 10 – 13, 15 – 17) and recommend a sentence within the range suggested by the Guidelines. The defendant agrees that the Court may consider uncharged "relevant conduct," including conduct alleged in any dismissed count(s) in arriving at an appropriate sentence pursuant to USSG § 1B1.3. However, the Government agrees that for purposes of calculating drug quantities, the Government will recommend that the Court limit relevant conduct to the controlled substances distributed as described in the indictment.

B.   **Oath.** The defendant will be placed under oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

II.   **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**                      1                      Rev. November 2012 (General)

The defendant understands that by pleading guilty, the Defendant waives the following rights: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

### III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1), as charged in Counts One, Nine, And Fourteen are as follows:

- First, the defendant was a registrant, authorized to dispense controlled substances;
- Second, he knowingly and intentionally distributed a quantity or mixture of a substance containing a detectable amount of hydrocodone, a Schedule II controlled substance,
- Third, the distribution was outside the scope of professional practice and not for a legitimate medical purpose.

B. **Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

In general, federal law and relevant regulations establish that a health care practitioner, with a DEA Registration, may prescribe controlled substances in the normal course of a medical practice and for a legitimate medical purpose. Michael Minas operated River Medical Family

Practice, in Eagle, Idaho, in the District of Idaho. He was licensed as a medical doctor, with a DEA registration.

Three patients, as charged in the Indictment, presented at Minas' office, each with general complaints of pain, such as back or shoulder pain. None of the patients provided Minas with prior medical records or images and Minas did not attempt to obtain any from other providers. Each patient requested controlled substances for pain. At every patient visit, Minas prescribed oxycodone, or OxyContin, which contains oxycodone. At almost every follow-up visit, Minas prescribed an increasing dosage of oxycodone, often at the patients' request. Oxycodone is an opioid analgesic, generally used for the treatment of chronic pain, and a Schedule II controlled substance.

For the three patients charged in the Indictment, Minas did not conduct a thorough examination. There was minimal, if any, touching of the patient, and no x-rays, MRIs or other substantial attempts to determine the cause of pain. Minas did not pursue or suggest alternative treatments to opioid prescriptions, or referrals to, or consultations with, physical therapists, pain specialists, or other practitioners. Minas did not monitor pain contracts or use urinalysis or any other diagnostic tests to determine the levels of controlled substances in any of the patients' systems. Minas never discussed the patients' historical or recreational use of drugs and alcohol, nor did he discuss the risk of continued opioid use with patients, nor did he evaluate the patients' particular potential for addiction. Minas did not initiate opioid prescriptions to the patients on any type of trial basis or with any written or discussed plan of monitoring, evaluating, or concluding the prescriptions.

Patient 1 was initially prescribed by Minas 60 pills of oxycodone 30 mg and then increased monthly to 120 pills, 240 pills, and 310 pills. Likewise, Minas prescribed Patient 2 with 60 pills of oxycodone 30 mg on his first visit and Minas increased him to 240 pills within three months. Finally, Minas prescribed Patient 3, on his first visit, with 240 pills of oxycodone 30 mg per month

and increased to 300 on his second visit. The medical records created by Minas for these patients do not support the level of controlled substances prescribed.

The chart below summarizes the controlled substance prescriptions issued by Minas for the patients:

| Count | Date | Controlled Substance | Quantity Prescribed | Distributed To | Sch |
|---|---|---|---|---|---|
| 1. | 01/13/14 | oxycodone 30 mg | 60 pills | PATIENT-1 | II |
| 2. | 01/13/14 | diazepam 10 mg | 30 pills | PATIENT-1 | IV |
| 3. | 02/13/14 | oxycodone 30 mg | 120 pills | PATIENT-1 | II |
| 4. | 03/14/14 | oxycodone 30 mg | 240 pills | PATIENT-1 | II |
| 5. | 04/14/14 | oxycodone 30 mg | 310 pills | PATIENT-1 | II |
| 6. | 04/14/14 | Oxycontin 60 mg | 28 pills | PATIENT-1 | II |
| 7. | 04/22/14 | Oxycontin 60 mg | 30 pills | PATIENT-1 | II |
| 8. | 05/12/14 | oxycodone 30 mg | 310 pills | PATIENT-1 | II |
| 9. | 01/16/14 | oxycodone 30 mg | 60 pills | PATIENT-2 | II |
| 10. | 02/06/14 | oxycodone 30 mg | 90 pills | PATIENT-2 | II |
| 11. | 02/28/14 | oxycodone 30 mg | 180 pills | PATIENT-2 | II |
| 12. | 04/04/14 | oxycodone 30 mg | 240 pills | PATIENT-2 | II |
| 13. | 05/06/14 | oxycodone 30 mg | 240 pills | PATIENT-2 | II |
| 14. | 03/18/14 | oxycodone 30 mg | 240 pills | PATIENT-3 | II |
| 15. | 04/07/14 | oxycodone 30 mg | 300 pills | PATIENT-3 | II |
| 16. | 05/05/14 | oxycodone 30 mg | 310 pills | PATIENT-3 | II |
| 17. | 06/02/14 | oxycodone 30 mg | 300 pills | PATIENT-3 | II |

All of the procedures and strategies outlined above are recognized as generally acceptable medical practices associated with the prescription of opioid pain killers in the treatment of pain. Minas' actions of prescribing at the described levels, with minimal to no examination, treatment, referral, counselling, etc., as described above, constitute distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose.

Minas charged $100 per visit for each appointment described above, which is subject to forfeiture, as charged in the Indictment.

IV. **SENTENCING FACTORS**

   A. **Penalties.** A violation of Distribution of a Controlled Substance, 21 U.S.C § 841(a)(1), is punishable by a term of imprisonment of 20 year(s), a term of supervised release of not more than 5 year(s), a maximum fine of $1,000,000.00 and a special assessment of $100.

   B. **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to the length of supervised release.

   The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

   C. **Fines and Costs.** The Court may impose a fine. No agreement exists as to the amount of the fine. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

   D. **Special Assessment.** The defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

   E. **Forfeiture.**

   The defendant understands that the Court will, upon acceptance of the defendant's guilty plea(s), enter a forfeiture order as part of the defendant's sentence, and that the forfeiture order may include assets directly traceable to the offense(s), assets used in the commission of the offense(s), substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense(s). The defendant agrees to immediately forfeit to the United States the property set out in the Forfeiture Allegation(s) of the [Indictment OR

**Plea Agreement**　　　　　　　　　　　5　　　　　　　　　　Rev. November 2012 (General)

Information] and all property and property interests which constitute [insert language tracking the applicable forfeiture statute(s); e.g. "proceeds obtained or retained as a result of the offense"/"property intended for use or used to commit or to facilitate the commission of the offense"/"property involved in the offense"; this language may be the same as that set out in the applicable forfeiture allegation(s)], including the following:

**Cash Proceeds.** At least $1,400 United States currency and all interest and proceeds traceable thereto as proceeds of the offenses pled to.

Pursuant to 21 U.S.C. § 853(p), the United States will seek forfeiture of other properties of the defendant up to the value of any assets otherwise subject to forfeiture but which:

1. cannot be located upon the exercise of due diligence;

2. have been transferred, sold to, or deposited with a third person;

3. have been placed beyond the jurisdiction of the Court;

4. have been substantially diminished in value; or

5. have been commingled with other property which cannot be subdivided without difficulty. "Other properties" will include property not otherwise forfeitable, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982. Forfeiture of substitute assets shall not constitute an alteration in the defendant's sentence.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones. The defendant agrees to consent to any abandonment proceeding as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture which may be brought against the property, and agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at

sentencing, and incorporation of the forfeiture in the judgment. If this Agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures which began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to complete a personal financial statement and to disclose all of the defendant's assets and sources of income to the Government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest, and to cooperate in obtaining any records relating to ownership of such assets when sought by the Government, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that the defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding or related civil forfeiture case, and that the defendant will testify truthfully in any such proceeding.

The defendant is the sole owner of the properties and property interests listed above, except as specifically set out herein. If the defendant is not the sole owner of these properties and interests, representations are false or inaccurate, the Government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this Agreement.

The defendant agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or

administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

The defendant agrees that the forfeiture provisions of this Plea Agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this Agreement shall be determined as if defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. If the crime(s) involved victims, then the defendant acknowledges and agrees that this Agreement to disgorge the defendant's wrongfully obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature, and therefore that the defendant intends for the disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The United States District Court for the District of Idaho shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

## V. UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The Court must consider the United States Sentencing Guidelines (USSG) in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to the Plea Agreement. The Plea Agreement does not bind the Court's determination of Sentencing Guidelines range. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the

Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

1. **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

2. **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

VI. **COOPERATION**

A. **Truthful Information and Assistance.** The defendant promises to provide truthful and complete information to the Government and its investigative agencies, including testimony in legal and administrative proceedings, concerning the defendant's role and the roles

of all others involved in offense-related behavior and other criminal activity. The defendant shall not attempt to protect anyone through false information or omission. The defendant will not falsely implicate anyone. Any intentional deviation from the truth in any of the defendant's testimony may result in prosecution for perjury and obstruction of justice. The defendant's duty under the terms of this Agreement is to tell the truth whether or not it bolsters the Government's case against any particular individual. The defendant specifically understands that this Agreement is not contingent upon the conviction of any person or the forfeiture of any property.

The defendant agrees to cooperate in good faith. This means the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to subjects discussed. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached the Agreement because the defendant was not specifically asked. This Agreement is breached by any action or statement inconsistent with continued cooperation. Determination of a breach is solely within the discretion and determination of the attorney for the Government. The defendant acknowledges that any breach of this cooperation agreement will absolve the government of any obligation for consideration based upon cooperation, and will constitute grounds for the government to withdraw from this Agreement. The defendant further acknowledges that the Government's decision not to grant consideration for cooperation based on a determined breach will not constitute grounds for the defendant to withdraw from this Agreement.

The defendant agrees to be available for interviews to prepare for testimony. If necessary, the defendant will submit, upon request, to government-administered polygraph examinations (and provide a personal financial statement, if requested).

The defendant agrees to identify all property related to the defendant's crimes to which the defendant has pleaded guilty, and any relevant conduct. The defendant will identify the extent of

any person's or entity's (including defendant's) interest in any such property. The defendant agrees to assist in the recovery and forfeiture of such property to the United States.

    B. **Use of Information Against Defendant.** In exchange for the defendant's agreement, the Government will not use new information the defendant provides (pursuant to this Agreement) about the defendant's own criminal conduct. The Government may reveal such information to the Court. There shall be no restrictions, however, on the use of information: 1) previously known to law enforcement agencies; 2) revealed to law enforcement agencies by, or discoverable through, an independent source; or 3) in the event there is a breach of this Agreement.

    C. **Substantial Assistance Determination.** If the Government determines, in good faith, that the defendant's cooperation amounts to "substantial assistance" in the investigation of others, the Government will request that the Court depart downward from the applicable sentencing range, pursuant to USSG § 5K1.1 and/or any mandatory minimum sentence, pursuant to 18 U.S.C. § 3553(e). Pursuant to *United States v. Auld*, 321 F.3d 861 (9th Cir. 2002) and *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009), the defendant understands that any motion for downward departure must be made as a reduction from the applicable guideline range or the statutory minimum sentence, whichever is greater, consistent with USSG § 5G1.1(b). This will be the base offense level regardless of whether the Government also makes a motion for a sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The defendant further understands that if the base offense level is based on a statutory minimum sentence, no other reductions in the offense level will be allowed, including acceptance of responsibility, other than the reduction for substantial assistance. If the Government determines the defendant has not provided substantial assistance, the Government will not move for a downward departure.

The Government's final decision whether to file motions pursuant to § 5K1.1 and/or 18 U.S.C. § 3553(e) will be made after evaluating the defendant's cooperation with regards to: 1) the significance and usefulness of the defendant's cooperation, 2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant, 3) the nature and extent of the defendant's assistance, 4) any injury suffered, or any danger or risk of injury to the defendant or defendant's family resulting from the defendant's cooperation, and 5) the timeliness of the defendant's cooperation. The Government's specific recommendation will turn on the facts of the case, the sentence that likely would have been imposed absent an agreement, and the extent and value of the cooperation provided. The Government's decision not to file such a motion will not constitute grounds for the defendant to withdraw from this Agreement.

    D.    **Defendant's Assumption of Risk.** The defendant agrees freely and voluntarily to cooperate with the Government, knowing the possible consequences of cooperation. The defendant's attorney knows of the defendant's cooperation and agrees that the defendant shall enter into this Agreement. The defendant hereby absolves the Government, including its employees, from any liability associated with this cooperation.

## VII. WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

    A.    In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the entry of plea, the conviction, entry of judgment, and sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

B.  Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:

1. the sentence imposed by the District Court exceeds the statutory maximum;

2. the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

3. the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C.§ 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this Agreement and relieves the Government of its obligations in this Agreement. Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of

guilty unless the Government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG §3C1.1.

## IX. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## X. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation to do the following: 1) make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this Agreement.

B. **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the

United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

Furthermore, if the defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XI. MISCELLANEOUS

A. **No Other Terms.** This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 5:00 p.m. on September 5th.

## XII. UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. This Agreement constitutes a formal plea offer from the Government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the

United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

_____          October 7, 2014
KEVIN T. MALONEY                                        Date
Assistant United States Attorney

## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my counsel with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I am satisfied with my attorney's advice and representation in this case.

_____          OCTOBER 7, 2014
MICHAEL MINAS                                          Date
Defendant

I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately sets forth the entirety of the Agreement. I have

**Plea Agreement**                              16                         Rev. November 2012 (General)

conveyed all written offers from the Government to the defendant pursuant to *Missouri v. Frye*, 2012 WL 932020 (U.S. March 21, 2012). I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my client with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. I concur in my client's decision to plead guilty as set forth above.

_____          10/7/14
BRIAN BLENDER                            Date
Attorney for the Defendant